EMERY CELLI BRINCKERHOFF & ABADY LLP

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbalaw.com

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
KATHERINE ROSENFELD
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO

CHARLES J. OGLETREE, JR.
EMERITUS

DIANE L. HOUK
JESSICA CLARKE

ALISON FRICK
DAVID LEBOWITZ
DOUGLAS E. LIEB
ALANNA KAUFMAN
EMMA L. FREEMAN
DAVID BERMAN
ASHOK CHANDRAN

DANIEL TREIMAN

January 7, 2019

**By ECF and Hand Delivery**

Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: *Clark, et al. v. The City of New York*, 18-cv-02334 (RWS) (KHP)

Your Honor:

  On behalf of Plaintiffs Jamilla Clark, Arwa Aziz, and Turning Point for Women and Families—and in advance of the forthcoming oral argument on Defendant's motion to dismiss scheduled for January 16, 2019—we write to renew our request that the Court order discovery to proceed. Discovery can be stayed only for "good cause shown" under Federal Rule of Civil Procedure 26(c). Given the absence of progress on settlement, the City no longer meets this standard.

  Discovery in this matter (which Plaintiffs commenced on March 16, 2018) should now proceed. As set forth at length in Plaintiffs' prior letter brief opposing the City's requested stay of discovery, *see* Dkt. No. 29, the issuance of a discovery stay is "by no means automatic" *In re WRT Energy Secs. Litig.*, No. 96 Civ. 3610, 1996 WL 580930, at *1 (S.D.N.Y. Oct. 9, 1996), and "should not be granted routinely simply on the basis that a motion to dismiss has been filed," *In re Chase Manhattan Corp. Secs. Litig.*, No. 90 Civ. 6092, 1991 WL 79432, at *1 (S.D.N.Y. May 7, 1991).

  In this case, the City has repeatedly sought and obtained adjournments of oral argument on its motion to dismiss while also protesting that it cannot be required to continue with discovery until that motion is decided. This pattern should end. The City cannot evade its litigation obligations by filing but never arguing its motion to dismiss. Given the ongoing harm to the putative class from the City's Photograph Policy, the City must confront the live and pressing issues this case presents.

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 2

    Because the City's motion to dismiss lacks merit, because Plaintiffs would be substantially prejudiced by any further delay, and because Plaintiffs' discovery requests are not unduly burdensome, discovery should proceed immediately.  *See Picture Patents, LLC v. Terra Holdings LLC*, No. 07 Civ. 5465, 2008 WL 5099947, at *2 (S.D.N.Y. Dec. 3, 2008) (discussing elements necessary to justify a stay of discovery); *see also WRT Energy Secs. Litig.*, 1996 WL 580930, at *1 (a stay of discovery pending disposition of a motion to dismiss appropriate only where "dismissal of the complaint is inevitable").  This is particularly true given that Plaintiff's Complaint has languished for more than nine months with no substantive progress.

    The City cannot further dodge this lawsuit by seeking indefinite adjournments while refusing to participate in discovery.  This Court should order that discovery proceed while the motion to dismiss is resolved.

              Sincerely,

              /s/

              Emma Freeman

cc.  All Counsel of Record (by *ECF*)