RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
KATHERINE ROSENFELD
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO

# EMERY CELLI BRINCKERHOFF & ABADY LLP

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbalaw.com

CHARLES J. OGLETREE, JR.
EMERITUS

DIANE L. HOUK
JESSICA CLARKE

ALISON FRICK
DAVID LEBOWITZ
DOUGLAS E. LIEB
ALANNA KAUFMAN
EMMA L. FREEMAN
DAVID BERMAN
ASHOK CHANDRAN

April 15, 2019

**By ECF**

Hon. Analisa Torres
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *Clark, et al., v. City of New York*, No. 18 Civ. 02334 (AT) (KHP)

Dear Judge Torres:

      This firm represents Plaintiffs in the above-captioned matter. On behalf of all parties in this matter, and pursuant to Docket No. 72 of April 9, 2019, we write to respectfully advise the Court of the history, posture, and status of this case.

      Plaintiffs filed their Complaint in this matter on March 16, 2018. *See* Dkt. No. 1. The Complaint challenges a New York City Police Department policy that requires arrestees to remove religious head coverings for booking photographs, alleging that this policy violates the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*; the Free Exercise Clause of the First Amendment to the United States Constitution; and Article I, Section 3 of the Constitution of the State of New York. Plaintiffs seek a declaratory judgment that Defendant's policy substantially burdened Plaintiffs' religious free exercise and continues to substantially burden the religious free exercise of other, similarly-situated religious adherents in violation of federal and state law. Plaintiffs also seek an injunction against the challenged policy, an Order requiring Defendant to adopt nondiscriminatory policies and practices, and a damages class of other, similarly-situated religious adherents.

      On June 13, 2018, Defendant filed its first motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), *see* Dkt. No. 20, which was fully briefed as of August 10, 2018, *see* Dkt. Nos. 31, 34. Both parties filed supplemental points regarding standing. *See* Dkt. Nos. 44, 46. Oral argument on the motion has been adjourned several times, in part because the parties represented to the Court that settlement discussions were ongoing. *See* Dkt. Nos. 51, 56, 62, 69. Excluding the motion to dismiss, there are no motions pending before the Court. The parties do not presently anticipate filing additional motions.

At a January 23, 2019 conference before the Court, Judge Sweet orally directed that discovery proceed; on February 1, 2019, he approved the parties' jointly-submitted discovery plan. *See* Dkt. Nos. 59, 61.

The parties are actively conferring about the possibility of settlement and propose to file a joint status report to the Court regarding settlement by May 16, 2019.

Respectfully submitted,

/s/
Emma Freeman

c. All Counsel of Record (by ECF)