UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMILLA CLARK and ARWA AZIZ, on Behalf of Themselves and Others Similarly Situated, and TURNING POINT FOR WOMEN AND FAMILIES,<br><br>     Plaintiffs,<br><br> -against-<br><br>CITY OF NEW YORK,<br><br>     Defendant. | No.: 18 Civ. 02334 (AT) (KHP) |

## DECLARATION OF EMMA L. FREEMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Emma L. Freeman declares, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am an attorney with the law firm Emery Celli Brinckerhoff Abady Ward & Maazel LLP.

2. I represent Plaintiffs Jamilla Clark, Arwa Aziz, and Turning Point for Women and Families.

3. I submit this declaration in support of the individual Plaintiffs' motion for class certification pursuant to Fed. R. Civ. P. 23.

4. The NYPD Patrol Guide 208-03, "Arrests – General Processing," was amended in March 2015 pursuant to Interim Order 29 to require that religious head coverings be removed for booking photographs.

5. A true and correct copy of Interim Order 29 is attached as Exhibit A.

6. Interim Order 29 states that "[T[he Department requires that an official photograph be taken of an arrestee with an unobstructed view of the arrestee's head, ears, and face."

7. Interim Order 29 further states that, where an arrestee indicates a preference to retain their head covering for a mug shot, the prisoner must be transported to One Police Plaza, where "the arrestee will have an official Department picture taken without their religious head covering."

8. Interim Order 29 also states that a "member of the service of the same gender [as the arrestee]" must be available to take the photograph.

9. Interim Order 29 also amended Patrol Guide Section 208-07. In doing so, Interim Order 29 notes that arrestees who are transported to One Police Plaza "will be informed that their arrest processing may be delayed due to operational requirements."

10. As part of the litigation of this action, on June 19, 2019, Defendant, through counsel, sent a letter to Plaintiffs regarding methods for identifying members of the putative class. A true and correct copy of the City's June 19, 2019 letter is attached as Exhibit B.

11. In its June 19, 2019 letter, the City identified three documents that are generated when an individual is arrested, all of which "provide the ability to reference an arrestees' headgear."

12. Those three forms are the Omniform Arrest Report, the Omniform Complaint Report, and the Online Prisoner Arraignment Form (OLPA).

13. The City's June 19, 2019 letter indicates that the Arrest Report and Complaint Report "provide the ability to reference an arrestees' headgear in a drop-down menu option and/or free-form data entry."

14. The City's June 19, 2019 letter further indicates that Arrest Reports and Complaint Reports are "both searchable for keywords."

15. On information and belief, OLPA forms—which, like Omniform Arrest Reports and Complaint Reports, document the type of religious headgear any given arrestee wears—are also searchable for keywords.

16. On September 10, 2019, the parties filed a joint letter to the Court addressing certain discovery disputes. A true and correct copy of the parties' September 10, 2019 Joint Letter, which was filed as Docket No. 86, is attached as Exhibit C.

17. In the September 10, 2019 joint letter, the City noted that "[a]rresting officers are required to document an arrestee's physical appearance . . . at the time of their arrest. As a part of this process, each arresting officer will input the type of head gear worn by each arrestee into the Omniform system."

18. In the September 10, 2019 joint letter, the City further noted that arresting officers will input an arrestee's religious head gear in each form "by selecting the appropriate type of head gear from the available options found in a drop down menu . . . or, alternatively, by selecting 'other' from the head gear drop down menu and manually typing in the type of head gear."

19. On October 31, 2019, the City produced a spreadsheet to Plaintiffs which contained data drawn from NYPD Omniform Arrest and Complaint Reports.

20. The City's October 31, 2019 spreadsheet identifies 3,209 discrete arrests of individuals who were wearing religious head coverings.

21. On November 15, 2019, the City produced a supplemental spreadsheet to Plaintiffs which contained additional data drawn from NYPD Omniform Arrest and Complaint Reports.

22. The City's November 15, 2019 spreadsheet identifies an additional 78 discrete arrests of individuals who were wearing religious head coverings.

23. On December 5, 2019, the City produced a spreadsheet to Plaintiffs which contained data drawn from NYPD OLPA forms. The City also produced a cover letter explaining certain aspects of the spreadsheet. The City's December 5, 2019 cover letter is attached as Exhibit D.

24. The City' December 5, 2019 spreadsheet identifies 1197 discrete arrests of individuals who were wearing religious head coverings.

25. According to the City's December 5, 2019 cover letter, the December 5, 2019 spreadsheet contains eighteen arrest numbers that are "duplicative of arrest numbers that were previously produced as a result of the Omniform Arrest and Complaint reports keyword search."

26. Together, the City's October 31, November 15, and December 5, 2019 spreadsheets identify 4,466 discrete NYPD arrests of individuals who wore religious head coverings between March 16, 2014 and March 16, 2018.

27. This data reflects an average of 3.1 NYPD arrests per day over that four-year period of individuals who wore religious head coverings.

Dated: August 3, 2020
    New York, New York

                                                                                 EMMA L. FREEMAN