USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __9/30/2020__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMILLA CLARK and ARWA AZIZ, on Behalf of Themselves and Others Similarly Situated, and TURNING POINT FOR WOMEN AND FAMILIES,

                           Plaintiffs,

-against-

CITY OF NEW YORK,

                           Defendant.

18 Civ. 2334 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      Plaintiffs, Jamilla Clark, Arwa Aziz, and Turning Point for Women and Families, bring this action against Defendant, the City of New York (the "City"), alleging that the New York City Police Department policy requiring arrested individuals to have their photograph taken without a head covering violates their rights under (1) the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc; (2) the Free Exercise Clause of the First Amendment to the United States Constitution; and (3) the Free Exercise Clause of the New York State Constitution, N.Y. Const. art. 1, § 3. Compl. ¶¶ 81–102, ECF No. 1.

      The City moves to dismiss the complaint for lack of standing and failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 20.

      Plaintiffs concede that the City is immune from punitive damages and that Aziz's state law claim for compensatory damages must be dismissed without prejudice because she filed an untimely notice of claim. Pl. Opp. at 6 n.1, ECF No. 31. Accordingly, Plaintiffs' demand for punitive damages is DISMISSED, and Aziz's state law claim for compensatory damages is DISMISSED without prejudice. *See Warmin v. New York City Dep't of Educ.*, No. 16 Civ. 8044, 2018 WL 1441382, at *7 (S.D.N.Y. Mar. 22, 2018) ("Because [p]laintiff could make an application in state court to file a late notice of claim, the Court dismisses these claims without prejudice.").

      The City's motion is otherwise DENIED. The Court concludes that the complaint's "well-pleaded factual allegations . . . plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Court shall issue a memorandum opinion addressing the surviving claims in due course.

The Clerk of Court is directed to terminate the motion at ECF No. 20.

SO ORDERED.

Dated: September 29, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge