UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/5/2020

| | |
|---|---|
| JAMILLA CLARK and ARWA AZIZ, on Behalf of Themselves and Others Similarly Situated, and TURNING POINT FOR WOMEN AND FAMILIES,<br><br>     Plaintiffs,<br><br> -against-<br><br>CITY OF NEW YORK,<br><br>     Defendant. | No. 18-cv-02334 (AT) (KHP) |
| GEHAD ELSAYED and LAILA IBRAHIM, on behalf of themselves and others similarly situated,<br><br>     Plaintiffs,<br><br> -against-<br><br>CITY OF NEW YORK; NYPD Officer CHENISE BRODIE (Shield No. 28113); and NYPD Officers John and Jane Doe # 1, 2, 3, etc.,<br><br>     Defendants. | No. 18-cv-10566 (AT) (KHP) |

**STIPULATION AND ORDER OF SETTLEMENT**

WHEREAS, Plaintiffs Jamilla Clark, Arwa Aziz, and Turning Point for Women and Families commenced an action by filing a Complaint on behalf of themselves and others similarly situated on March 16, 2018, alleging, *inter alia*, that Defendant City of New York violated their federal, state, and constitutional rights under the Religious Land Use and

Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq.* ("RLUIPA"), the First Amendment, and the New York State Constitution by requiring that New York City Police Department ("NYPD") arrestees remove any religious head covering for a mug shot (the "*Clark* Case");

WHEREAS, Plaintiffs Gehad Elsayed and Laila Ibrahim commenced an action by filing a Complaint on behalf of themselves and others similarly situated on November 13, 2018, alleging, *inter alia*, that Defendants City of New York, NYPD Officer Chenise Brodie, and John and Jane Doe NYPD Officers violated their federal, state, and constitutional rights under RLUIPA, the First, Fourth, and Fourteenth Amendments, and New York state law by requiring that Muslim women who wear a hijab remove their hijab for a mug shot or search if arrested by the NYPD (the "*Elsayed* Case");

WHEREAS, all Plaintiffs agree that the non-monetary relief detailed herein obviates the need for any motion practice as it relates to the Plaintiffs' class-wide claim for injunctive relief;

WHEREAS, counsel in the *Elsayed* case also agrees to the declaratory relief set forth herein in lieu of an application for class certification pursuant to Fed. R. Civ. P. 23;

WHEREAS, all Plaintiffs agree that this relief is the best interests of the putative class;

WHEREAS, Defendants continue to deny any and all liability arising out of all Plaintiffs' allegations;

WHEREAS, Plaintiffs have authorized their counsel in the *Clark* and *Elsayed* cases (collectively "Plaintiffs' Counsel") to settle this matter on the terms set forth below;

WHEREAS, Plaintiffs and Defendants in both the *Clark* Case and the *Elsayed* Case (collectively the "Parties") wish to voluntarily resolve the injunctive and policy-related claims in both matters;

IT IS HEREBY AGREED between the Parties that:

## NYPD PATROL GUIDE, TRAINING, AND PRECINCT FACILITIES

1. <u>Revisions to Patrol Guide.</u>  Defendant City shall implement changes to those portions of its Patrol Guide governing the treatment of arrestees who wear religious head coverings.  Those changes are documented in <u>Exhibit A.</u>

    (i) A Finest Message, a copy of which will be provided to Plaintiffs' Counsel prior to issuance**,** shall be distributed in the NYPD's usual and customary manner of distribution within sixty (60) days of the lifting of the state of emergency in New York City by either the Governor of the State of New York or the Mayor of the City of New York (the "Implementation Date"), and shall reference the changes to the Patrol Guide documented in <u>Exhibit A</u>.

2. <u>Borough Court Sections.</u>  Within sixty (60) days of the Implementation Date, Defendants shall require each Borough Court Section to provide a private space for searching and/or photographing arrestees who wear religious head coverings.

3. <u>Training</u>.  Within sixty (60) days of the Implementation Date, Defendant City shall develop a training that covers the Patrol Guide revisions as set forth in Exhibit A, which governs the treatment of arrestees who are wearing religious head coverings when they are arrested.  The training will be mandated for NYPD officers, supervisors, cadets, and members of the photographing unit.  The NYPD will share all of its training materials with Plaintiffs' Counsel for comment.  Such training will include:

    (i) Instruction on the religious free exercise rights of people who are arrested;

    (ii) Instruction regarding the scenarios in which the NYPD is permitted to remove the religious head covering of an arrestee in its custody; and

>　　　　(iii) Instruction regarding the documentation that must be generated when an arrestee's religious head covering is removed.

### REPORTING

4. <u>Annual Reporting.</u>  Every twelve months for a three (3) year period from the Implementation Date, Defendant City shall provide Plaintiffs' Counsel with the number of arrestees whose religious head coverings were removed for purposes of photographing, as well as the sex of each such arrestee, the charge(s) issued against each such arrestee, and the type of religious head covering each such arrestee wore. In all instances where a religious head covering is removed, a copy of the command log entry setting forth the reasons for the removal will be provided to Plaintiffs' Counsel.  The foregoing information will be provided in accordance with N.Y.C.P.L. § 160.50/160.55.

5. <u>Material Changes to Patrol Guide</u>.  Notice of any potential material changes to the Patrol Guide provisions involving the removal of religious head coverings—or to the practices and procedures related to such removal—shall be provided to Plaintiffs' Counsel prior to the enactment of such material changes.  "Material changes" are changes that (1) alter the presumption of non-removal for Department photographs or (2) otherwise significantly alter the circumstances under which removal of a religious head covering is permitted.  The parties agree that, if they cannot reach agreement about any proposed material changes to the Patrol Guide provisions involving the removal of religious head coverings (or to the practices and procedures related to such removal), either party is entitled to seek relief from the Court with respect to the changes at issue.

6. <u>Attorneys' Eyes Only.</u>  Any and all documents provided to Plaintiffs' Counsel by Defendant City pursuant to this Stipulation and Order of Settlement shall be considered

Confidential and deemed Attorneys' Eyes Only. Any application to de-designate documentation supplied to Plaintiffs' Counsel shall be made to the Court for good cause shown.

## ENFORCEMENT AND COURT JURISDICTION

7. <u>Enforceability</u>.  The terms of the parties' Stipulation and Order of Settlement shall be enforceable through the Court.

8. <u>Good Faith</u>.  The parties shall attempt in good faith to resolve disputes over the terms and/or implementation of this Stipulation and Order of Settlement without judicial intervention.

9. <u>Continued Jurisdiction</u>.  The parties consent to Magistrate Judge Katharine H. Parker retaining jurisdiction over both of the above-captioned cases for a period of time beginning on the date this Stipulation and Order of Settlement is so ordered by the Court (the "Effective Date") and continuing until three years from the Implementation Date for the purpose of enforcing and resolving good-faith disputes about the terms of this Stipulation and Order of Settlement and to resolve any motions for attorneys' fees.

## OUTSTANDING CLAIMS

10. This Stipulation and Order of Settlement does not resolve the monetary claims of the individual plaintiffs in *Clark*, the claims of the organizational plaintiff in *Clark*, or the purported class claim in *Clark* brought pursuant to F.R.C.P. 23(b)(3). To the extent an agreement as to the settlement of these claims can be reached between the Parties, the City will pay Plaintiffs in the *Clark* case amounts to be agreed upon and set forth in separate stipulated agreements.

11. This Stipulation and Order of Settlement does not resolve the monetary claims of the individual plaintiffs in *Elsayed*.  However, Defendants and the individual plaintiffs in

Elsayed have reached an agreement to resolve these monetary claims, which will be set forth in a separate stipulated agreement.

## ATTORNEYS' FEES

12. The parties agree that Plaintiffs' Counsel in the *Clark* and *Elsayed* cases are entitled to "reasonable attorneys' fees" under 42 U.S.C. § 1988 stemming from work done through the Effective Date. The parties shall memorialize an agreement with respect to Plaintiffs' Counsel's attorneys' fees for work done through the Effective Date in a separate agreement.

13. Plaintiffs also reserve their right to seek attorneys' fees and costs for work done relating to the Reporting Period, including but not limited to fees and costs incurred in filing any motions to enforce this Stipulation and Order of Settlement. In the event that the parties are unable to reach agreement as to a request for attorneys' fees and costs, Plaintiffs' Counsel will submit fee applications in their respective cases on a schedule to be so ordered by the Court. Defendants reserve their right to oppose any of Plaintiffs' Counsel's requests for attorneys' fees.

## APPLICATIONS AND PARTIES BOUND

14. This Stipulation and Order of Settlement applies to, and is intended to be binding upon, the Plaintiffs in both the *Clark* Case and the *Elsayed* Case, Plaintiffs' Counsel, Defendants, and the City's officers, agents, employees, successors, and assigns. The undersigned representatives of the Plaintiffs certify that they are authorized to enter into and consent to the terms and conditions of this Stipulation and Order of Settlement and to execute and legally bind the Plaintiffs to it. The undersigned representatives of the Defendants certify

that they are authorized to enter into and consent to the terms and conditions of this Stipulation and to execute and legally bind the Defendants to it.

15. Defendants deny any and all liability and deny that they had or have a policy, or engaged in or currently engage in a pattern or practice that deprived persons of rights, privileges, or immunities secured or protected by the Constitution and laws of the United States and the State of New York.

16. This Stipulation and Order of Settlement does not, and shall not be deemed to, constitute an admission by Defendants as to the validity or accuracy of any of the allegations, assertions, or claims made by Plaintiffs. This Stipulation and Order of Settlement does not constitute an admission, adjudication, or finding on the merits of this Civil Action.

[INTENTIONALLY LEFT BLANK]

Dated: October 23, 2020 New York, New York

| | |
|---|---|
| EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP<br><br>By: _____<br>O. Andrew F. Wilson<br>Emma L. Freeman<br>600 Fifth Avenue, 10th Floor<br>New York, NY 10020<br>(212) 763-5000 | BELDOCK LEVINE & HOFFMAN LLP<br><br>By: _____<br>Jonathan Moore<br>Luna Droubi<br>Marc Arena<br>99 Park Avenue, Penthouse Suite<br>New York, NY 10016<br>Tel. (212) 490-0400 |
| SURVEILLANCE TECHNOLOGY OVERSIGHT PROJECT<br><br>By: _____<br>Albert Fox Cahn<br>40 Rector Street, 9th Floor<br>New York, NY 10006 | THE ABOUSHI LAW FIRM<br><br>By: _____<br>Tahanie Aboushi<br>1441 Broadway<br>New York, NY 10018<br>Tel. (212) 391-8500 |
| *Attorneys for Clark Plaintiffs* | *Attorneys for Elsayed Plaintiffs* |

JAMES E. JOHNSON
Corporation Counsel of the City of New York

By: s/*Rachel Seligman Weiss*
_____
Rachel Seligman Weiss
Bilal Haider
Carolyn Depoian
100 Church Street
New York, NY 10007
(212) 356-2422

*Attorney for Defendants*

Dated:   __November 5_, 2020
     New York, New York

                SO ORDERED.

                _____
                HON. KATHARINE H. PARKER

# EXHIBIT A



| | **DRAFT INTERIM ORDER** |||
|---|---|---|---|
| | SUBJECT: **ARRESTS - RELIGIOUS HEAD COVERING GUIDELINES** |||
| DATE ISSUED: | REFERENCE: | | NUMBER: |
| **09-03-20** | ****P.G. 208 SERIES** | | **Draft 35** |

    1. A religious head covering worn pursuant to a sincerely held religious belief can be retained by the prisoner while in the custody of the Department. However, the religious head covering must be temporarily removed when conducting the mandatory Department search for weapons and/or contraband, but will be returned to the prisoner after that search unless the head covering presents a risk to the safety of the prisoner or others. In addition, there are also other limited circumstances when the religious head covering can be removed for purposes of photographing and conducting an identification procedure (e.g. lineup identification, photo array, etc.). In those limited circumstances where temporary removal of the religious head covering is necessary, members will take all possible steps, when consistent with personal safety, to respect a prisoner's privacy, rights and religious beliefs. In order to provide uniformed members of the service with the Department's policy regarding incidents where an arrest is effected and the prisoner is wearing a religious head covering, the following Patrol Guide procedure 208-XX entitled, "Arrests – Religious Head Covering Guidelines" has been established.

    2. Therefore, effective immediately, when an arrest is effected and a prisoner is wearing a religious head covering, the following new Patrol Guide procedure 208-XX, "Arrests - Religious Head Covering Guidelines" will be complied with:

**PURPOSE**    To provide uniformed members of the service with guidelines to follow when an arrest is effected and the prisoner is wearing a religious head covering.

**SCOPE**    It is the policy of the Department that prisoners must be searched for weapons and contraband, and that photographs must be taken. Members will take all possible steps, when consistent with personal safety, to respect a prisoner's privacy, rights and religious beliefs when it comes to removing their religious head covering. Prisoners will retain their religious head coverings while in Department custody, except in the limited circumstances described below.

**DEFINITION**    RELIGIOUS HEAD COVERING – a head covering that appears to be related to a sincerely held religious belief, or that a prisoner advised is related to such (e.g., yarmulke, wig, habit, turban, kufi, headscarf, hijab, burqa, etc.).

    OVAL OF THE FACE – for the purpose of this procedure, the oval of the face is an individual's forehead, eyes, nose, mouth, chin and jawline.

    UNCOVERED PHOTOGRAPH – for the purpose of this procedure, a photograph taken at the borough court section with a prisoner's religious head covering removed, in private by a member of the same gender, when there is reasonable suspicion that the prisoner has a distinguishing feature not otherwise fully visible that is of investigative value to the current arrest or investigation, or the prisoner was arrested outside their residence while not wearing a head covering.

| | | |
|---|---|---|
| **PROCEDURE** | When an arrestee is wearing a religious head covering: | |
| **ARRESTING OFFICER** | 1. | Comply with *P.G. 208-02, "Arrests-Removal to Department Facility for Processing," P.G. 208-03, "Arrests-General Processing," P.G. 208-27, "Desk Appearance Ticket – General Procedure," and P.G. 212-123, "Use of Body-Worn Cameras,"* as appropriate. |

SEARCH OF RELIGIOUS HEAD COVERINGS:

**ARRESTING OFFICER**

2. Inform prisoner wearing a religious head covering that it must be temporarily removed and searched.
   a. Advise prisoner that removal and search will be conducted in private and that search will be conducted by a member of the same gender, as per *P.G. 208-05, "Arrests – General Search Guidelines."*
3. Perform thorough search for weapons and contraband.
   a. Use Tactical Hand-Held Metal Detector, if available and as appropriate.
4. Do not retain religious head covering for safekeeping unless:
   a. There is reasonable suspicion, based on articulable facts then known to the arresting officer, that allowing the arrestee to wear the head covering is likely to be dangerous to life, can be used to harm self, or can be used to harm others; and
   b. Permission has been obtained from the desk officer to retain the head covering when consistent with personal safety and the safety of the prisoner.

**DESK OFFICER**

5. Approve/disapprove removal and retention of religious head covering for safekeeping or evidence purposes.

*NOTE:* *Temporary head coverings are available from the Quartermaster Section. An emergency supply will be stored at each patrol borough.*

6. Provide a temporary head covering to prisoner when removing and retaining head covering for safekeeping or evidence purposes, if necessary.

7. Make Command Log Entry indicating reason(s) for removal and retention of head covering, if removed for safekeeping or evidence purposes, or if removal was disapproved.

*NOTE:* *Where applicable, a religious head covering may be vouchered as evidence in accordance with Patrol Guide Section 208-03 (12) if there is reasonable suspicion the religious head covering is material to the investigation.*

WHEN TAKING PHOTOGRAPH AT THE COMMAND OF ARREST FOR A PRISONER MOVEMENT SLIP, A DESK APPEARANCE TICKET, OR AN IDENTIFICATION PROCEDURE (PHOTO ARRAY OR LINE UP):

**ARRESTING OFFICER**

8. Take photograph of prisoner with religious head covering in place.

  a. Ensure the oval of the face (forehead, eyes, nose, mouth, chin and jawline) are visible in Department photograph.
   (1) Religious head coverings that obscure the oval of the face may be moved to expose the oval of the face.

*NOTE:* *An uncovered photograph will NOT be taken unless:*
 *a.* *There is reasonable suspicion that the arrestee has a distinguishing feature not otherwise fully visible with head covering in place (e.g., hair color, tattoos, piercings, visible injury, moles, birth marks, etc.) that is of investigative value to the current investigation or arrest; or*
 *b.* *There is reasonable suspicion that the arrestee committed the crime outside their residence while not wearing a head covering.*

*If an uncovered photograph must be taken, the prisoner MUST be transported to the appropriate borough court section, where the photograph will be taken in a private area by a member of the service of the same gender. Uncovered photographs will NOT be taken at the command of arrest.*

*Comply with D.G. 505-03, "Photo Array Identification Procedure" and D.G. 505-06, "Lineup Identification Procedure," as necessary.*

**DESK OFFICER**
9. Notify borough court section supervisor, if an uncovered photograph must be taken.
 a. Inform borough court section of gender of the prisoner in order to have a member of the service of the same gender available to take the photograph.
10. Make Command Log entry noting the reason for the uncovered photograph and the name of the borough court section supervisor notified.
11. Direct arresting/escorting officer to transport prisoner to borough court section, as necessary, for completion of arrest processing.
 a. If the prisoner is eligible for a DESK APPEARANCE TICKET, the DESK APPEARANCE TICKET will be issued at, and the prisoner will be released from, the borough court section.

<u>WHEN TAKING PHOTOGRAPH AT BOROUGH COURT SECTION:</u>

**BOROUGH COURT SECTION/ PHOTO UNIT MEMBER OF SERVICE**
12. Take a photograph of prisoner with religious head covering in place, in all cases, when a prisoner is transported to the borough court section.
 a. Ensure the oval of the face (forehead, eyes, nose, mouth, chin and jawline) are visible in Department photograph.
  (1) Religious head coverings that obscure the oval of the face may be moved to expose the oval of the face.

*NOTE:* *An uncovered photograph will NOT be taken unless:*
 *a.* *There is reasonable suspicion that the arrestee has a distinguishing feature not otherwise fully visible with head covering in place (e.g., hair color,*

> tattoos, piercings, visible injury, moles, birth marks, etc.) that is of investigative value to the current investigation or arrest; or
> b. There is reasonable suspicion that the arrestee committed the crime outside their residence while not wearing a head covering.

13. When an uncovered photograph must be taken in addition to the covered photograph, take uncovered photograph in private area.
    a. Tag uncovered photograph in "PhotoManager System" database, limiting the permissible uses of the photograph.
    b. Do not tag the covered photograph in the "PhotoManager System."

***NOTE:*** *The uncovered photograph MUST be taken by a member of the service of the same gender as the prisoner.*

**BOROUGH COURT SECTION SUPERVISOR**

14. Ensure that uncovered photograph is taken in a private space (e.g., curtained area, etc.) by a member of the service of the same gender.

***ADDITIONAL DATA***

*Every effort will be made not to prolong detention beyond what is necessary in order to take an official Department photograph while accommodating prisoner's sincerely held religious beliefs.*

*Members of the service may seek the help of clergy, or an interpreter if appropriate, to help the prisoner understand the need to remove their religious head covering.*

*Any questions or requests for additional guidance concerning religious head coverings will be directed to the Legal Bureau.*

***RELATED PROCEDURES***

*Arrests - Removal to Department Facility for Processing (P.G. 208-02)*
*Arrests - General Processing (P.G. 208-03)*
*Arrests - General Search Guidelines (P.G. 208-05)*
*Arrests - Security Measures (P.G. 208-06)*
*Photographable Offenses (P.G. 208-07)*
*Photo Array Identification Procedure (D.G. 505-03)*
*Lineup Identification Procedure (D.G. 505-06)*

***FORMS AND REPORTS***

***DESK APPEARANCE TICKET***
***Prisoner Movement Slip***

3. Patrol Guide 208-02, "Arrests - Removal to Department Facility for Processing" is amended as follows:

    a. **DELETE** subdivision "**a**," and accompanying substeps "**(1)**" through "**(5)**," under step "**12**," opposite actor "DESK OFFICER," on page "**2**."

4. Patrol Guide 208-03, "Arrests - General Processing" is amended as follows:

    a. **DELETE** current step "**37**," and accompanying subdivisions "**a**" through "**c**," opposite actor "DESK OFFICER," on page "**10**," and in its place, **ADD** new step "**36**,", opposite actor "DESK OFFICER," on page "**10**," to read:

"**DESK OFFICER**     **36.**     **Comply with P.G. 208-XX, 'Arrests –Religious Head Covering Guidelines,' as necessary, if prisoner is wearing a religious head covering.**"

b. **DELETE** current step "**44**," and accompanying subdivisions "**a**" through "**c**," opposite actor "BOROUGH COURT SECTION SUPERVISOR," on page "**11**," and in its place, **ADD** new step "**43**", opposite actor "BOROUGH COURT SECTION SUPERVISOR," on page "**11**," to read:

"**BOROUGH COURT SECTION SUPERVISOR** **43**. **Comply with P.G. 208-XX, 'Arrests – Religious Head Covering Guidelines,' as necessary, if prisoner is wearing a religious head covering.**"

5. Patrol Guide 208-05, "Arrests - General Search Guidelines" is amended as follows:

a. **DELETE** current substep "**(3)**," and corresponding subdivisions "**a**" through "**e**" and accompanying "NOTE," under heading "B. SEARCH AT POLICE FACILITY," following step "**1**," opposite actor "ARRESTING OFFICER," on pages "**1**" and "**2**," and in its place, **ADD** new substep "**(3)**," opposite actor "ARRESTING OFFICER," on page "**2**," to read:"

"**ARRESTING OFFICER** **(3)** **Comply with P.G. 208-XX, 'Arrests – Religious Head Covering Guidelines,' as necessary, if prisoner is wearing a religious head covering.**"

6. Patrol Guide 208-07, "Photographable Offenses" is amended as follows:

   a. **DELETE** "third" paragraph of "ADDITIONAL DATA" statement, on page "**2**."

7. Patrol Guide 210-08, "Guidelines for Prisoner Holding Pens" is amended as follows:

   a. **DELETE** current subdivision "**e**," and accompanying substeps "**(1)**" through "**(6)**," under step "**5**," opposite actor "DESK OFFICER/DETECTIVE SQUAD SUPERVISOR," on pages "**1**" and "**2**, and in its place, **ADD** new subdivision "**e**," opposite actor "DESK OFFICER/DETECTIVE SQUAD SUPERVISOR," on pages "**1**" and "**2**," to read:"

   | **DESK OFFICER/ DETECTIVE SQUAD SUPERVISOR** | **e. Comply with P.G. 208-XX, 'Arrests – Religious Head Covering Guidelines,' as necessary, if prisoner is wearing a religious head covering.**" |
   |---|---|

8. The initial supply of temporary head coverings will be available through the Office of Management Analysis and Planning (OMAP).

9. Subsequently, requests for temporary head coverings will be requisitioned through the Quartermaster Section using the following information:

   | **INDEX NUMBER** | **PD NUMBER** | **TITLE** |
   |---|---|---|
   | XXXX | XXX-XXX | **TEMPORARY HEAD COVERING** |

10. Upon publication, this Interim Order has been incorporated into the On-Line Patrol Guide.

11. Any provisions of the Department Manual or any other Department directives in conflict with the contents of this Order are suspended.

**BY DIRECTION OF THE POLICE COMMISSIONER**

**DISTRIBUTION**
**All Commands**