

**THE CITY OF NEW YORK**

GEORGIA M. PESTANA
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

PETER W. BROCKER
*Senior Counsel*
Phone: (212) 356-2332
Fax: (212) 356-3509
pbrocker@law.nyc.gov

January 28, 2022

**BY ECF**
Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

        Re:    Clark et al v. City of New York,
                   18 Civ. 2334 (AT)(KHP)

Your Honor:

      I am one of the attorneys assigned to represent the City of New York ("City" or "Defendant") in the above-referenced matter. I write, pursuant to the Court's January 13, 2022 Order (Dkt. No. 193), to submit Defendant's proposed plan for conducting discovery of absent class members. For the reasons set forth herein, defendant respectfully requests leave to depose a stratified randomized sample of fifty (50) absent class members in this matter.

### Relevant Case Law

      As an initial matter, "[d]iscovery of unnamed class members is neither prohibited nor sanctioned explicitly by Rules 30, 33 and 34. Nevertheless, there is authority for the use of both interrogatories and depositions against members of Rule 23 classes." Krueger v. N.Y. Tel. Co., 163 F.R.D. 446, 450 (S.D.N.Y. Sept. 22, 1995). "Discovery from absent class members is generally permitted where it is necessary and helpful to the 'correct adjudication of the principal suit,' however, a 'strong showing' must be made before discovery will be permitted. In re Warner Chilcott Sec. Litig., 2008 U.S. Dist. LEXIS 7613, at *4 (S.D.N.Y. Feb. 4, 2008) (quoting Dubin v. E.F. Hutton Group, Inc., No. 88 Civ. 0876 (PKL), 1992 U.S. Dist. LEXIS 107, 1992 WL 6164, at *3 (S.D.N.Y. Jan. 8, 1992)). Before discovery from absent class members is permitted, "[c]ourts consider whether discovery of absent class members (1) is needed for the purposes of trial or the issues common to the class, (2) is narrowly tailored, (3) will impose undue burden on the absent class members, and (4) is not available from representative plaintiffs." Id., at *5.

      As applied, courts have permitted limited depositions of absent class members where the information sought went to the heart of the claims. E.g., Krueger v. New York Tel. Co., supra, 163 F.R.D. at 451 (allowing absent class member discovery on "a class-wide issue going to the heart

of the plaintiffs' claim"); see also, Bruhl v. Price Waterhousecoopers Int'l, 03 Civ. 23044, 2010 U.S. Dist. LEXIS 129504, 2010 WL 5090207 at *2 (S.D. Fla. Dec. 8, 2010) (allowing depositions of absent class members where there was "no other way" for defendant to get the information, which was relevant to class issues); In re Warner Chilcott Ltd. Sec. Litig., supra, 2008 U.S. Dist. LEXIS 7613, 2008 WL 344715 at *2 (allowing "short depositions" of absent class members where "discovery is necessary for their defense, narrowly tailored, and will not impose undue burden on the absent class members"); Indergit v. Rite Aid Corp., 2015 U.S. Dist. LEXIS 160355, at *8-9 (S.D.N.Y. Nov. 30, 2015) (permitting limited depositions of absent class members for the purposes of establishing their experiences, which were relevant to liability); Kress v. Price Waterhouse Coopers, 08 Civ. 0965 (LKK) (GGH), 2012 U.S. Dist. LEXIS 137681, 2012 WL 4465556 at *4 (E.D. Cal. Sept. 25, 2012) (permitting 25 depositions of absent class members out of 1,709 total class as not "unduly burdensome").

Recently, the Hon. Lewis J. Liman permitted defendants to conduct depositions of absent putative class members in the pre-certification class-discovery stage. Fishon v. Peloton Interactive, Inc., 336 F.R.D. 67, 72 (S.D.N.Y. 2020) (J. Limon). In reaching this conclusion, Judge Liman noted that plaintiffs are permitted to conduct discovery in order to make the showing as required by Rule 23 and "[d]efendants should be entitled to no less. Specifically, a defendant should not be 'unfairly prejudiced by being unable to develop its case' even though 'facts of the case may reside with the absent class members.'" Id., at *10 (quoting 3 William B. Rubinstein, Newberg on Class Actions Sec. 9:11 (5th ed. 2015)).

### **Depositions of Absent Class Members are Appropriate**

Defendant now requests leave to depose fifty (50) absent class members to determine what, if any, burden was placed on the individual's religious beliefs when they removed their head-covering, and to what extent the removal has impacted them. Defendant arrived at this figure, which amounts to less than one percent of the total class, in consultation with a retained statistical expert; this figure, per the expert's guidance, represents a number at which statistically valid conclusions can be extrapolated across the class based on the data obtained in these depositions. This inquiry is highly relevant to Plaintiff's claims brought pursuant to the First Amendment as well as the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), which prohibits the government form placing a "substantial burden on the religious exercise of a person" without a "compelling governmental interest… [and a showing that it is the] least restrictive means of furthering that… interest" 42 U.S.C. § 2000cc(a)(1) (emphasis added). Thus, the subject matter of the anticipated depositions is narrowly tailored to the core triable issues presented in this litigation, and satisfies the first prong of the test as articulated in In re Warner Chilcott Sec. Litig. See 2008 U.S. Dist. LEXIS 7613, at *5.

Further, this discovery cannot be obtained from the representative plaintiffs alone. The class representatives are two Muslim women who were wearing hijabs; however, only about four percent of the class of approximately five thousand individuals are women who were wearing hijabs (i.e., approximately two hundred). Approximately forty-five percent of the class are individuals wearing turbans, and another approximately twenty-five percent of the class are individuals wearing yarmulkes a/k/a kippahs. Further, only approximately thirty-seven percent of the class are female, with more than three thousand two hundred of the class members being male. Therefore, Defendant cannot defend this matter without some discovery from absent class

members to determine the different experiences of the various types of members of this class (with the vast majority of the members not being hijab wearing woman). For instance, it may well be the case that no Jewish man wearing a yarmulke viewed its removal as a burden on his religion. In other cases, it may well be that the head-covering in question was not worn for religious reasons, e.g., a kufi, which can be worn for non-religious cultural reasons. As a result, to assess class-wide liability and damages, Defendant seeks discovery into the different experiences of the various types of members who make up the class as a whole, which cannot be obtained alone from the named class representatives because they simply do not share these traits, experiences, and beliefs. Indeed, it is entirely possible that these depositions will illuminate the need for sub-classes on damages and/or liability.

To that end, Defendant has developed a narrowly tailored plan that seeks to obtain relevant and important information while ensuring that absent class members are not unduly burdened. First, to ensure that no individual is noticed for a deposition who is not properly a member of the class, prior to noticing a deposition of the selected individual, Defendant will retrieve those individuals' arrest photographs. If any absent class member's arrest photograph shows that their head-covering was not removed then that individual, who is therefore necessarily not a class member, will not be deposed. Further, Defendant concedes that any given absent class member may have valid objections to being deposed (e.g., active-duty military or serious health concerns), and Plaintiff's counsel would be able to raise any such objection with defense counsel should any arise.[1] C.f., Fishon, 336 F.R.D. 67, 72 (noting that any individual noticed for deposition may avail themselves of objections and the protections of Rule 45 of the Federal Rule of Civil Procedure). Finally, Defendant only seeks to depose these absent class members for a maximum of two (2) hours, which is a far more circumscribed time than the seven hours ordinarily permitted. Fed. R. Civ. P. 30.

Therefore, Defendant now respectfully requests leave from the Court to proceed with its plan, as set forth more fully above, to depose fifty absent class members to determine their experiences as they relate to the claims and defenses in this matter.

Respectfully submitted,

*Peter W. Brocker /s//*

Peter W. Brocker, Esq.
*Senior Counsel*

cc: All Counsel of Record (via ECF)

---

[1] In such a case, if Defendant agreed to forego that deposition or the Court Ordered that deposition be foregone, Defendant would not forfeit any number of depositions.