USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/29/2022

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
KATHERINE ROSENFELD
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO
DIANE L. HOUK

VASUDHA TALLA

NAIRUBY L. BECKLES
MARISSA BENAVIDES
DAVID BERMAN
NICK BOURLAND
SARA LUZ ESTELA
ANDREW K. JONDAHL
NOEL R. LEÓN
SANA MAYAT
HARVEY PRAGER
VIVAKE PRASAD
MAX SELVER
EMILY K. WANGER

December 28, 2022

**By ECF**

Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *Clark, et al. v. City of New York*, No. 18 Civ. 02334 (AT) (KHP)

Dear Judge Parker,

  On behalf of the Plaintiffs, we write to request a stay of discovery while Judge Torres reviews Plaintiffs' objections to Your Honor's December 8, 2022 decision on absent class discovery. The City takes no position on this request.

  "[U]pon a showing of good cause a district court has considerable discretion to stay discovery" pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at * 1 (S.D.N.Y. 2009). In deciding whether a stay is appropriate, courts will consider "[1] whether 'the [appeal] appear[s] to have substantial grounds [,]…[2] the breadth of discovery and the burden of responding to it,…[and 3] the unfair prejudice to the party opposing the stay." *Bachayeva v. Americare Certified Special Servs., Inc.*, 2013 WL 4495672, at *4 (E.D.N.Y. Aug. 20, 2013) (quoting *In re Currency Conversion Fee Antitrust Litig.*, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002).

  All three criteria are met here. First, Plaintiffs' have presented several grounds for their objections, including a misunderstanding of the scope of the class which would render the ordered discovery unnecessary and the heavy burden on absent class members. Second, without a stay, Plaintiffs *and* Defendants would face a significant burden. Plaintiffs would have to first identify and enlist fifty absent class members—who may have no knowledge of this case scattered across New York City for depositions to discuss the details of their religious practices and the day of their arrest. The City for its part would have to depose the fifty class members for one and a half hours each at a time convenient for both parties. All discovery would have to

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 2

occur in less than three months and will likely be obstructed by the holiday season and time spent briefing the objection. Third, a stay would not prejudice the City.

To minimize the burden on the parties and the Court, Plaintiffs request that discovery be stayed during the pendency of Plaintiffs' objections.

Respectfully submitted,

/s/
Matthew D. Brinckerhoff

cc.   All Counsel of Record (*by ECF*)

**Application granted.**  The deadline for absent class member discovery is stayed pending Judge Torres' decision regarding Plaintiff's objection to the Court's order granting limited absent class member discovery.  In the event Plaintiff's objection is denied, absent class member discovery will be due 60 days after the date of Judge Torres' order.

SO ORDERED:

*Katharine H Parker*

HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE    12/29/2022