```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/9/2023_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMILLA CLARK and ARWA AZIZ, on
Behalf of Themselves and Others Similarly
Situated,

                    Plaintiffs,

-against-

CITY OF NEW YORK,

                    Defendant.

No. 18 Civ. 2334 (AT) (KHP)

**ORDER**

ANALISA TORRES, District Judge:

On December 22, 2022, Plaintiffs Jamilla Clark and Arwa Aziz filed objections to the December 8, 2022 order of the Honorable Katharine H. Parker granting a request from Defendant, the City of New York (the "City"), for absent class member discovery (the "Discovery Order"), ECF No. 260. Pls. Obj., ECF No. 262; *see also* Pls. Reply, ECF No. 271. Plaintiffs request that, in the event the Court affirms the Discovery Order, the Court should stay it "until [the Court] rules on Plaintiffs' partial summary judgment motion because the City's discovery has no bearing on liability." Pls. Obj. at 6, 12–13. The City opposes Plaintiffs' objections and their request to stay the Discovery Order. Def. Opp., ECF No. 268. For the reasons stated below, Plaintiffs' objections are OVERRULED, and Plaintiffs' request that the Court stay the effect of the Discovery Order pending its decision on Plaintiffs' forthcoming motion for partial summary judgment is DENIED.[1]

---

[1] The City also states that the discovery "may show that decertification of th[e] class is proper and, if it is, [the City] contends that any decertification motion should be made before the parties brief liability" on summary judgment. Def. Opp. at 12. To the extent that the City is requesting to file a motion to decertify the class, and that Plaintiffs' motion for partial summary judgment be filed after the decertification motion is resolved, the request is not properly before the Court. Any requests to file a motion shall be made in accordance with Rule III of the Court's Individual Practices in Civil Cases.

## DISCUSSION[2]

I. <u>Legal Standard</u>

Federal Rule of Civil Procedure 72(a) provides that the district judge to whom a case is assigned shall consider a party's objection to a magistrate judge's order on a non-dispositive matter and shall "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). An order is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted). An order is contrary to law when it fails to apply or misapplies relevant statutes, caselaw, or rules of procedure. *Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009). Pretrial discovery rulings are non-dispositive and reviewed under the highly deferential clear error standard. *HotelsAB Green, LLC v. Reignwood Eur. Holdings SARL*, No. 17 Civ. 8776, 2019 WL 2236580, at *1 (S.D.N.Y. May 15, 2019).

II. <u>Analysis</u>

Plaintiffs object to the Discovery Order on four grounds. First, Plaintiffs argue that the discovery it authorized is "based on a misunderstanding of the law and scope of the class." Pls. Obj. at 6; *see also id.* at 6–8. Second, Plaintiffs contend that the discovery is "unnecessary to determine liability." *Id.* at 6; *see also id.* at 8–9. Third, Plaintiffs argue that the discovery is "irrational to establish damages." *Id.* at 6; *see also id.* at 10–11. Fourth, Plaintiffs contend that the discovery "places an impermissibly heavy burden on absent class members." *Id.* at 6; *see also* 11–12. The Court rejects all four objections.

Judge Parker concluded that "the information sought [by the City] is relevant and goes to class-wide issues," including, for instance, "whether there are differences among class members as to what their respective religions permit in terms of removal of head coverings," and "whether

---

[2] The Court assumes familiarity with the underlying facts and procedural history of this action.

the removal for purposes of taking the police photograph was a 'substantial' as opposed to some lesser burden on their religion." Discovery Order at 6–7. Plaintiffs argue that the Discovery Order "erroneously contradicts th[e] law of the case and invites the City to explore irrelevant variations amongst class members." Pls. Obj. at 7; Pls. Reply at 6–7. The Discovery Order, however, correctly describes the scope of the class as "all persons who were required to remove their religious head covering for a post-arrest photograph while in the custody of the NYPD [New York Police Department]." Discovery Order at 2 (citing ECF No. 157 at 5). Judge Parker determined that "[t]he discovery may allow [the City] to argue as a factual matter that the burden of the policy on religion differs based on religion and/or gender—an issue that goes to liability and information needed for trial." *Id.* at 7; *see also* Def. Opp. at 6. Plaintiffs provide no support for their contention that this finding is erroneous, and instead offer arguments relevant to a prospective summary judgment motion. Pls. Obj. at 6–8. The Court shall not address whether the proposed discovery "impacts liability" at this stage. *Id.* at 7. Plaintiffs further argue the Discovery Order erred by "invit[ing] . . . th[e] flawed inquiry" into "the intricacies of a particular faith or the centrality of a practice to a religion." *Id.* Plaintiffs mischaracterize Judge Parker's decision. The Discovery Order states that "the discovery sought is not to explore the sincerity of any class member's individual religious beliefs," and that "[w]hile it is true the [discovery] also will bear on damages of the individual deponents, the questions overlap with liability and class issues, including possible damages subclasses." Discovery Order at 8–9.[3]

Plaintiffs also argue that "[d]epositions on doctrinal distinctions are unnecessary to litigate liability and they are cumulative to the fact and expert depositions the parties have

---

[3] The Court views the discussion of damages prior to a determination on liability in this action as premature. *See Redmond v. Moody's Inv. Serv.*, No. 92 Civ. 9161, 1995 WL 276150, at *1 (S.D.N.Y. May 10, 1995) ("[D]iscovery of absent class members regarding individual issues, as opposed to common questions, is inappropriate."). However, the Court agrees with Judge Parker that the discovery sought might inform class-wide issues that are relevant to trying this case. *See* Discovery Order at 6, 8–9.

already conducted." Pls. Obj. at 9.  As discussed above, the Court shall not resolve arguments that may be raised on a future motion for summary judgment.  In addition, Judge Parker noted that "the lead Plaintiffs do not know the tenets of other religious faiths and the circumstances when individuals of other faiths may remove their head coverings," and that "expert discovery was not conclusive on the issue" of whether "all religions have the same requirements concerning head coverings and [whether] the degree of burden is the same for all class members."  Discovery Order at 2, 9.  The Court finds no clear error in Judge Parker's conclusion to permit discovery under these circumstances.

Plaintiffs contend that the City's proposed discovery is "nonsensical," and that the "theory . . . that the City can extrapolate conclusions from a sampling of different religions across the class to understand how every other class member of that same religion felt about uncovered photos is clearly erroneous."  Pls. Obj. at 10 (cleaned up); *see also* Pls. Reply at 8–9. The City intends to "depose a statistically relevant sample of fifty absent class members." Discovery Order at 3 (footnote omitted).  Plaintiffs state that "[i]f the City deposes fifty absent class members, the resulting testimony will reflect only what those fifty individuals felt about having their head coverings stripped by the NYPD."  Pls. Obj. at 10.  Although Plaintiffs take issue with the City's litigation strategy, that has no bearing on whether the discovery the City seeks is permissible.  *See, e.g.*, *Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 70 (S.D.N.Y. 2020).  Judge Parker did not clearly err in allowing it.

Plaintiffs argue that the discovery places an "extraordinary burden . . . on absent class members."  *Id.* at 11.  In particular, Plaintiffs state that "[i]nterrogating fifty absent class members who have not chosen to be part of the litigation about a traumatic event in their lives will place an impermissibly heavy burden on them."  *Id.* at 12.  Judge Parker found that the "narrowly tailored" "discovery proposed" could be "further narrowed," and set certain limits on

4

the depositions' length, format, and scope. Discovery Order at 7–8. Plaintiffs' arguments that Judge Parker's findings constitute clear error are conclusory.

In sum, Plaintiffs have not established that the Discovery Order is clearly erroneous or contrary to law. Accordingly, Plaintiffs' objections to the Discovery Order are OVERRULED.

Plaintiffs request, in the alternative, that if the Court "upholds the pending discovery, it should stay the [Discovery] Order until it rules on Plaintiffs' partial summary judgment motion because the City's discovery has no bearing on liability." Pls. Obj. at 12. Judge Parker "allow[ed] [the City] the opportunity for limited discovery to potentially develop facts in support of [the City's] defenses and the appropriateness of the creation of subclasses." Discovery Order at 9. Therefore, because the Court defers to Judge Parker's determination, and for the same reasons discussed above, Plaintiffs' request is DENIED.

## CONCLUSION

For the reasons stated above, Plaintiffs' objections to the Discovery Order are OVERRULED. The depositions shall be completed by **May 8, 2023**. ECF No. 265 at 2. In addition, by **June 5, 2023**, Plaintiffs shall file their motion for partial summary judgment; by **June 26, 2023**, the City shall file its opposition; and by **July 10, 2023**, Plaintiffs shall file their reply, if any. *See* ECF No. 261.

SO ORDERED.

Dated: March 9, 2023
      New York, New York

_____
ANALISA TORRES
United States District Judge