

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/9/2023

THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**RACHEL SELIGMAN WEISS**
*Senior Counsel*
Phone: (212) 356-2422
Fax: (212) 356-3509
rseligma@law.nyc.gov

June 6, 2023

**BY ECF**
Honorable Katherine H. [Parker]
United States Magistrate [Judge]
Southern District of New [York]
500 Pearl Street
New York, New York 1[0007]

Re: [...]

Your Honor:

> Plaintiffs shall produce a privilege log as to any documents withheld as privileged, including documents in connection with absent class member discovery. To the extent notes are used to refresh recollection for a deposition, such notes should be produced in accordance with Federal Rule of Evidence 612 to the extent such notes are not protected by the attorney-client privilege. *Aviles v. S&P Glob., Inc.*, 583 F. Supp. 3d 499, 504–06 (S.D.N.Y. 2022).
>
> Additionally, moving forward, Plaintiffs' counsel should not make speaking objections during the depositions. Rather, they should state only "Objection," and should not speak any additional words concerning the basis of the objection unless a clarification is requested. If Plaintiffs' counsel believes certain of Defendant's questions to date have been confusing, beyond the scope of ordered or noticed questioning, or otherwise inappropriate, the parties shall meet and confer in an effort to reach agreement as to such questions for future depositions.

Defendant writes to respectfully request an or[der compelling production of] relevant documents testified to by a class member, Yakov "Ar[yeh" Grossman, deposed] on June 1, 2023. Alternatively, defendant requests that You[r Honor review the] notes in camera. In addition, defendant seeks an order directing [Plaintiffs' counsel from] making baseless and inappropriate speaking objections during depositions. The parties have met and conferred on these issued and have been unable to reach resolution.

**SO ORDERED:**
*Katharine H. Parker*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE   6/9/2023

*Motion to Compel*

On June 1, 2023, Yakov "Aryeh" Grossman, a class member, was deposed. At the deposition, which lasted about 90 minutes in total, Mr. Grossman was asked about his preparation for the deposition. Specifically, the undersigned asked Mr. Grossman if he met with counsel to prepare for his deposition. The witness testified that he did. Thereafter, the witness was asked whether he had any documents related to this litigation or whether he reviewed any documents in preparation for the deposition. Again, the witness testified that he did. When pressed, he ultimately revealed that he had taken notes on his computer, and it became clear that he was utilizing those notes during the deposition. Seemingly also aware that the witness was reading from or relying on notes contained on this computer, Mr. Wilson advised the witness that it was not appropriate to rely on notes on his computer.

Thereafter, the undersigned called for the production of the notes which Mr. Grossman was testifying from during the deposition. In response, Plaintiffs' counsel indicated that the notes are, in their entirety, protected by the attorney-client privilege. Counsel has continued to maintain this position in subsequent email communications as well.

Federal Rule of Civil Procedure 26 states that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b) (1). Rule 26 also provides that when a party withholds documents on the grounds of privilege, that party must both "expressly make the claim" and "describe the nature of the documents, communications, or tangible things not produced or disclosed - and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b) (5) (A).

"The burden of establishing the applicability of the privilege rests with the party invoking it." *Pritchard v. County of Erie (In re County of Erie)*, 473 F.3d 413, 418 (2d Cir. 2007). "A party invoking the attorney-client privilege must show (1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice." *Id.* at 419. "[The] protection of the privilege extends only to *communications* and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing." *Upjohn Co. v. United States*, 449 U.S. 383, 395-396 (1981) (quoting *Philadelphia v. Westinghouse Elec. Corp.*, 205 F. Supp. 830, 831 (E.D. Pa. 1962)) (internal quotations omitted) (italics and alterations in original).

At the outset, defendant is entitled to an appropriate privilege log which plaintiffs' counsel has not provided. Instead, plaintiffs have taken the unfounded position that their assertion of privilege in an email complies with the Federal Rules. Of course, it does not.

In addition, other that plaintiffs' counsel own say-so, there is nothing to suggest that the notes are privileged let alone privileged in their entirety. Unfortunately, Defendant has no way of knowing what is actually contained in Mr. Grossman's notes – they could contain discoverable and plainly non-privileged *facts* regarding the arrest at issue and the removal of his religious head covering. Indeed, this is likely since Mr. Grossman's recollection about the incident (his arrest and the removal of his religious head covering) was spotty, at best. Defendant is entitled to this information as it is relevant to both liability and damages.

Plaintiff will likely argue that the notes are protected by the attorney client privileged since Mr. Grossman prepared them during a meeting with counsel. Such a claim alone does not shield the documents from disclosure or render them privileged. *See Fed. Hous. Fin. Agency v. HSBC N. Am. Holdings, Inc*., No. 11 Civ. 6189 (DLC), 2014 WL 1327952, at *l (S.D.N.Y. Apr. 3, 2014) ("The mere fact that attorneys are involved in a communication does not cloak it with privilege."). Nor does this request fall outside the scope of the Court's December 8, 2022 discovery order (hereinafter "the Order"). There is nothing in the Order prohibiting the production of relevant and non-privileged documents insofar as any exist. In addition, defendant was well within its right, consistent with F.R.C.P. 34, to demand the product of relevant information. Nothing in the Order suggests otherwise.

*Plaintiffs' Counsel's Baseless and Inappropriate Deposition Objections*

Rule 30(c)(2) of the Federal Rules of Civil Procedure provides that "[a]n objection [during a deposition] must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). "Relevance or the lack thereof does not provide a basis to direct a witness not to answer a question." *Weinrib v. Winthrop-University Hosp.*, No. 14 CV 953, 2016 WL 1122033, at *3 (E.D.N.Y. Mar. 22, 2016) (citing *Balk v. New York Inst. of Tech.*, No. 11 CV 509, 2012 WL 5866233, at *2 (E.D.N.Y. Nov. 19, 2012); *Severstal Wheeling Inc. v. WPN Corp.*, No. 10 CV 954, 2012 WL 1982132, at *2 (S.D.N.Y. May 30, 2012); *Luc Vets Diamant v. Akush.,* No. 05 CV 2934, 2006 WL 258293, at *1 (S.D.N.Y. Feb. 3, 2006)).

Courts in the Second Circuit have described a deposition as:

> a question-and-answer conversation between the deposing lawyer and the witness. There is no proper need for the witness's own lawyer to act as an intermediary, interpreting questions, deciding which questions the witness should answer, and helping the witness to formulate answers. The witness comes to the deposition to testify, not to indulge in a parody of Charlie McCarthy, with lawyers coaching or bending the witness's words to mold a legally convenient record. It is the witness - not the lawyer - who is the witness.

*Abu Dhabi Commercial Bank, et. al. v. Morgan Stanley & Co. Inc.*, No. 08 CV 7508, 2011 WL 4526141, at *7 (S.D.N.Y. Sept. 21, 2011) (citing *Hall v. Clifton Precision.*, 150 F,R.D. 525, 528 (E.D. Pa. 1993)).

Notwithstanding the limited and straightforward nature of the depositions, defense counsel has had to endure a barrage of obstructive and inappropriate speaking objections by plaintiffs' counsel. The following are just a few examples of counsel's inappropriate objections:

- Deposition of Class Member Vanessa Mohammed:
  Q: And what is the difference to the best of your knowledge between a head wrap and a turban?
  A: MR. WILSON: Objection to the form.
  Rachel, the witness is not being asked to provide testimony concerning her opinions or other expert testimony. There's a five specific categories of questions that you're entitled to ask, and the questions that you've been asking so far in this deposition do not fall into any of those five categories.
  (Mohammad Dep., 13:20-14:4)

- - -

Q: If you were outside of your home what does your head covering to your clothing?[1]
A: No.
MR. WILSON: Objection to the form.
Asked and answered. Harassing.

- - -

- Deposition of Kenneth Pearson Bey:
    Q: Okay. Did you give any documents pertaining to this case to your attorney?
    MR. WILSON: Objection. I will direct the witness not to answer, to the extent that there is attorney/client communication.
    MS. DEPOIAN: Absolutely.
    Q. Don't tell me anything that your lawyer and you speak about.
    A: But, my question was; if you gave your attorney any documents pertaining to this case?
    MR. WILSON: Objection to the form.
    Carolyn, I think you should be specific about what you mean by, this case.
    Because the witness is an absent class member and does not have an understanding about what you mean about, this case.
    MS. DEPOIAN: All right. All right. All right.
    MR. WILSON: And I will say for the record --
    MS. DEPOIAN: There's no speaking objection. Objection.
    And, second of all, we just went extensively over the fact that if he did not comprehend a question, he would tell me.
    It took about ten minutes of our hour-and-a-half to get through that line of questions; so, if he does not understand me, he will tell me.
    Please don't make any speaking objections.
    Q. So, I'll ask again.
    Did you give any documents pertaining to this lawsuit to your attorney?
    MR. WILSON: Objection to the form
    (Pearson Bey Dep.,. 14:2-15:13)

---

[1] Although not recorded properly, the witness was asked whether she "matches" her head covering to her clothing when she leaves the house.

- 5 -

In light of the foregoing, defendant now seeks an order directing counsel to cease his baseless speaking objections. Not only are counsel's objections entirely inappropriate but they are also in violation of the Federal Rules. There is no explanation, let alone a good faith one, for disrupting defendant's already extremely limited depositions. The witnesses, of course, regardless of the fact that they are absent class members, are certainly able to advise if they do not understand a question and have been doing so as needed. Plaintiffs' counsel's role here, as the Second Circuit has acknowledged, is not to mold a witnesses' testimony or insert him/herself in the deposition unnecessarily, which is precisely what counsel has been attempting to do.[2] Since Defendant began deposing absent class members in April, defense counsel has repeatedly asked plaintiffs' counsel to refrain from interposing frivolous speaking objections. They have refused to do so and his conduct should not be tolerated.

Accordingly, defendant respectfully requests that Your Honor issue an order (1) directing plaintiff's counsel to provide a privilege log and any non-privileged notes relied on by Mr. Grossman during his deposition; and (2) directing counsel to cease making inappropriate speaking objections. Thank you for your consideration herein.

Respectfully submitted,

*Rachel Seligman Weiss* /s

Rachel Seligman Weiss
Senior Counsel
100 Church Street, Room 3-226
New York, New York 10007
(212) 356-2422

cc: *All counsel*, by ECF

---

[2] Defendant reserves the right to seek sanctions, monetary or otherwise, at a later time.