# EMERY CELLI BRINCKERHOFF ABADY WARD

JONATHAN S. ABADY
MATTHEW D. BRINCKERHOFF
ANDREW G. CELLI, JR.
RICHARD D. EMERY
DEBRA L. GREENBERGER
DIANE L. HOUK
DANIEL J. KORNSTEIN
JULIA P. KUAN
HAL R. LIEBERMAN
ILANN M. MAAZEL
KATHERINE ROSENFELD
ZOE SALZMAN
SAM SHAPIRO
EARL S. WARD
O. ANDREW F. WILSON

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

DAVID BERMAN
NICK BOURLAND
DANIEL M. EISENBERG
SARA LUZ ESTELA
ANDREW K. JONDAHL
SARAH MAC DOUGALL

**USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 6/9/2023**

---

> The Protective Order provides that arrest records and contact information of non-parties is "Confidential Material," and Plaintiffs may mark those portions of deposition testimony containing contact information of non-parties "Confidential" pursuant to the Protective Order. However, information such as names of absent class members, description of and reason for that person's arrest, and the extent of that person's emotional distress are not "Confidential," and Defendant is **not** precluded from obtaining information on these topics.
>
> To be clear, this order does not address whether information marked by the parties as "Confidential" may be sealed if introduced in connection with a motion or trial. Rather, if such information is relevant and included within a judicial document, Plaintiffs may move at that time to seal such information if permitted under the standards set by *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and its progeny.

**SO ORDERED:**

/s/ Katharine H. Parker
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE  6/9/2023

---

**By ECF**

Hon. Katharine H. Parker
United States Magistrate Judge
500 Pearl Street
New York, New York 10007

Re:   *Clark, et al. v. City of New York*, No.

Dear Judge Parker:

We represent the Plaintiff Class. We write to request that names of absent class members, details of their arrests, and their medical conditions be treated as "confidential," pursuant to the terms of the Protective Order. Dkt. 43 at 2-3. Pursuant to Your Honor's Individual Rules, the parties met and conferred on June 2, 2023, and the City opposes this request. Indiv. Practices in Civ. Cases, 2(c). Given the privacy interests at stake, and the lack of prejudice to the City from maintaining those interests, absent class members' arrests and medical information should be kept confidential.

Pursuant to this Court's December 2022 Order, Dkt. 260, the City has now deposed seven absent class members concerning a variety of sensitive topics including their sealed arrests, facts of the related charges, and details about their mental health. In the wake of this questioning, several absent class members have expressed concerns about the disclosure of this information. Others have expressed hesitation about being deposed based on a desire to keep the facts of their arrests private, especially where their arrest records have been sealed. Although the parties' Protective Order defines "Confidential Materials" to include "Documents all parties agree to be Confidential under this agreement," Dkt. 43 at 2-3, the City has indicated, without explanation, that it does not agree to keep this information confidential.

The privacy interests of these absent class members support treating their personally identifying information and information related to their arrest and mental health records as confidential. *See United States v. Silver*, 15-CR-93, 2016 WL 1572993, at * 7 (S.D.N.Y. Apr. 14, 2016) ("[P]rivacy interests…warrant redactions to protect [individuals'] identities."). Absent class members should not be forced to choose between participating in discovery or waiving the confidentiality of their arrest and details about their mental health. The City's refusal to agree to this basic request augments the intimidation inherent in absent class discovery. *See Fishon v. Peleton Interactive, Inc.*, 336 F.R.D. 67, 70 (S.D.N.Y. 2020) ("courts must be careful to avoid the *in terrorem* effect of extensive absent class member discovery, creating the risk that absent class members could proactively choose to opt out of the class action for fear that if they do not do so, they will be subjected to vexatious or at least burdensome discovery practice.").

Absent class members have not waived their right to keep their arrest and medical records confidential. The City's refusal to keep their personal information confidential is contrary to the limited nature of this Court's order, Dkt. 260 at 6-8, and the class action procedure which is intended to shield absent class members from this kind of invasion. *See, e.g., In re Avon Anti-Aging Skincare Creams & Prod. Marketing & Sales Pracs. Litig.*, No. 13-Civ-0150, 2014 WL 12776747, at * 1 (S.D.N.Y. Apr. 22, 2014) ("treating absent class members as parties effectively undermines the class action procedure"); *Stinson v. City of New York*, 10 Civ. 5228, 2015 WL 8675360 at * 1 ("Discovery of absent class members is rarely permitted due to the facts that absent class members are not 'parties' to the action.") (internal quotations omitted).

There is no prejudice to the City in keeping this personal information confidential. At this stage, the City is free to use information obtained through its depositions in support of its arguments to the Court while using pseudonyms to protect the personal privacy of absent class members.

To protect the privacy interests of absent class members and encourage participation in absent class discovery, absent class members' names should remain confidential.

                                                                           Respectfully submitted,

                                                                           /s
                                                        O. Andrew F. Wilson
                                                        Sana Mayat

Copy to all Counsel of Record