UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMILLA CLARK and ARWA AZIZ, on Behalf of Themselves and Others Similarly Situated,

                        Plaintiffs,

       -against-

CITY OF NEW YORK,

                        Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _04/29/2024_

18 Civ. 2334 (AT)

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

ANALISA TORRES, District Judge:

    Plaintiffs, Jamilla Clark and Arwa Aziz, representing a class of arrested individuals who were required to remove their head coverings by the New York City Police Department (the "NYPD"), filed this class action against Defendant, the City of New York, alleging violations of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq.*; the Free Exercise Clause of the First Amendment to the United States Constitution; and the Free Exercise Clause of the New York State Constitution. *See* Compl., ECF No. 1; Class Certification Order, ECF No. 157.[1]

    Before the Court is Plaintiffs' unopposed motion for preliminary approval of the class action settlement (the "Motion"), ECF No. 336, the terms of which are set forth in a settlement agreement attached as exhibit A to the declaration of O. Andrew F. Wilson (the "Settlement Agreement"), ECF No. 337-1.[2] *See also* ECF Nos. 336–39. Having reviewed the Motion, the Settlement Agreement, and all documents and exhibits submitted therewith, the Court GRANTS the Motion and ORDERS as follows:

---

[1] Plaintiffs initially sought injunctive and declaratory relief, and the parties settled those requests for relief prior to class certification. *See* ECF Nos. 148, 148-1, 153. Plaintiff Turning Point for Women and Families separately settled its claims against Defendant. ECF No. 242.

[2] Capitalized terms not otherwise defined herein have the meanings set forth in the Settlement Agreement.

1. **<u>Preliminary Settlement Approval</u>**.  Upon preliminary review, the Court finds that the Settlement Agreement is fair, reasonable, and adequate to warrant providing notice to the Settlement Class and, accordingly, is preliminarily approved under Federal Rule of Civil Procedure 23(e)(1).  In making this determination, the Court has considered the monetary benefits provided to the Settlement Class through the Settlement Agreement, the specific risks faced by the Settlement Class in prevailing on their claims, the stage of the proceedings at which the Settlement Agreement was reached and the discovery that was conducted, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Class Members, whether the Named Plaintiffs and Class Counsel have adequately represented the class, whether the Settlement Agreement was negotiated at arm's length, and all of the other factors required by Rule 23.  The Parties are directed to perform according to the terms of their Settlement Agreement, except as expressly indicated otherwise by this Order or other ruling of this Court.

2. **<u>Jurisdiction and Venue</u>**.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367, and has personal jurisdiction over the Parties and the Settlement Class Members.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

3. **<u>Settlement Administrator</u>**.  The Court appoints Rust Consulting, Inc. as the Settlement Administrator, with responsibility for class notice and claims administration.  The Settlement Administrator shall perform tasks as directed by the Parties, including but not limited to the following matters: (1) locating Class Members; (2) issuing notice, including information about the right to object or opt out of the settlement; (3) distributing Claim Packets to and receiving executed Claim Forms from Class Members; (4) establishing and administering the


Qualified Settlement Fund and upon conclusion of the process, closing the Fund; (5) determining eligibility for awards on the basis of information provided by counsel for the Parties and the Class Members and validating the claims; (6) calculating the amounts of awards; (7) issuing and mailing payments to eligible Class Members, and issuing and filing all required tax forms and statements; (8) responding to inquiries from Class Members about the Settlement Agreement and the procedures contained herein, including by the use of a toll-free number and a website; (9) collating all objections to the Settlement Agreement for Class Counsel and Counsel for Defendant; (10) creating a database of Class Members who have filed timely and valid Claim Forms; (11) creating a database of Opt-Outs; (12) coordinating and advancing payment for publication notice per the Agreement; (13) providing the Parties with regular bills and a final accounting; and (14) to the extent not listed here, the tasks enumerated in the Administrative Proposal attached as Appendix A to the Settlement Agreement.  The Settlement Administrator will (i) act as the agent of the Parties to the extent the Settlement Administrator is given confidential information about potential Class Members, including names, addresses and social security numbers, (ii) use such confidential information only in connection with the administration of the proposed Settlement, and (iii) take reasonable measures to maintain the security of the confidential information.

      4.      **Findings Concerning Notice**.  The Court finds that the proposed form, content, and method of giving notice to the Class Members as described in the Declaration of Tiffaney Janowicz, ECF No. 338: (1) will constitute the best practicable notice to the Settlement Class; (2) are reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the litigation, the terms of the proposed Settlement Agreement, and their rights under the proposed Settlement Agreement, including but not limited to their rights to object to or exclude

themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (3) are reasonable and constitute due, adequate, and sufficient notice to all Class Members and other persons entitled to receive notice; and (4) meet all applicable requirements of law, including under the U.S. Constitution and Rule 23.  The Court further finds that the Summary Notice, Claim Form, and Long Form Notice, attached as exhibits C to E to the Janowicz Declaration, ECF Nos. 338-3 to -5, are written in plain language, use simple terminology, and are designed to be readily understandable by Class Members.

     5.    **<u>Notice to Class Members</u>**.  The proposed notice procedures set forth in the Janowicz Declaration are hereby approved, as are the Summary Notice, Claim Form, and Long-Form Notice.  ECF Nos. 338-3 to -5.  Non-material modifications to these items may be made with approval by the Parties but without further order of the Court.  The Settlement Administrator is directed to carry out notice in accordance with the Settlement Agreement and the Janowicz Declaration.  Specifically:

    (a)    No later than thirty (30) days after the date of this Preliminary Approval Order, the Settlement Administrator shall mail or cause to be mailed the Claim Packet, substantially in the forms submitted to the Court by the Parties, by first-class mail, postage prepaid, to all potential Settlement Class members at the address of each such person.  Defendant shall provide the Settlement Administrator and Plaintiffs' Counsel with the data and information as set forth in the Settlement Agreement.  This information shall be deemed confidential under the terms and conditions set forth in the Settlement Agreement.  Using the last known address provided by Defendant and its agencies as set forth in the Settlement Agreement, the Settlement Administrator will perform research to determine Class Members'

       likely addresses and create the Class Member database. Before mailing the Claim Packet, the Settlement Administrator shall carry out research to determine the best address match for each potential Class Member. All addresses will be checked against the National Change of Address ("NCOA") database, which is maintained by the United States Postal Service ("USPS").

(b) Class Members who wish to receive payment pursuant to the Settlement Agreement must submit a Claim form online or mail and postmark the Claim Form, by no later than one hundred and twenty (120) days after the Notice Date.

(c) If any Claim Packets are returned to the Settlement Administrator with updated addresses, the Settlement Administrator shall remail such Claim Packets following receipt of such updated addresses.

(d) The Court expressly authorizes and instructs the Settlement Administrator to send reminder notices by postcard.

(e) The Settlement Administrator shall cause a website to be established on which it shall post, among other things, (i) the Summary Notice, (ii) the Claim Form, (iii) the Long-Form Notice, (iv) the Settlement Agreement (including Appendix A), (v) the filings of the Parties seeking approval of the proposed Settlement Agreement and any responsive papers, (vi) Class Counsel's application for attorneys' fees and expenses, (vii) the operative Complaint, (viii) the Court's February 16, 2021 order granting Plaintiffs' motion for class certification, ECF No. 157, (ix) the Court's September 17, 2021 order denying Defendant's motions to dismiss, ECF No. 177, (x) this Order and any subsequent Orders of the Court relating to the Settlement, and (xi) such other materials as counsel for the Parties

determines should be posted.  The website shall also permit potential Class Members to submit claims electronically.

(f) The Settlement Administrator shall provide notice to the appropriate federal and state officials as required by, and consistent with, the Class Action Fairness Act.

6. Along with the motion for Final Approval, Class Counsel shall file or cause to be filed with the Court a declaration from the Settlement Administrator confirming that notice was provided consistent with this Settlement Agreement and all Orders concerning Notice entered by the Court.

7. **<u>Exclusion from the Settlement Class</u>**.  Class Members may request exclusion from the Settlement by "opting out."  Any Class Member who wishes to exclude themselves from the Settlement must mail a request to be excluded from the Settlement Class ("Request for Exclusion" or "Opt-Out Request") to the Settlement Administrator at the address set forth in the long-form notice as on the website.  Any Request for Exclusion must be in writing and state the name, date of birth and address of the person requesting exclusion, be personally signed, and contain a clear statement communicating that such person elects to be excluded from the Settlement Class.

(a) To be effective, any Request for Exclusion must be in writing, must contain all of the information described in paragraph 7 of this Order, and must be postmarked no later than one hundred and twenty (120) days after the Notice Date.  The postmark of the mailing envelope shall be the exclusive means used to determine whether a Request for Exclusion has been timely submitted.

(b) If the proposed Settlement Agreement is approved, any Class Member who has not submitted a timely and valid Request for Exclusion shall be bound by the

release in the Settlement Agreement and by all proceedings, orders, and judgments regarding the proposed Settlement that relate to the Settlement Class, whether favorable or unfavorable, even if he, she or it has pending or subsequently initiates any litigation, arbitration or other proceedings, or has any other Released Claim.

8. **Objections**. Any Class Member who wishes to object to the fairness, reasonableness or adequacy of the proposed Settlement, including the Named Plaintiffs' service award payments and/or Class Counsel's application for attorneys' fees and expenses, may do so by filing an objection as set out below. However, a potential Class Member who requests exclusion from the Settlement Class may not file an objection regarding the terms of the Settlement Agreement.

(a) A Class Member who wishes to object must submit to the Settlement Administrator at the address provided in the Long-Form Notice as set forth on the website their objection(s), as well as the specific reason(s), if any, for each such objection and whether the Class Member wishes to speak at the Fairness Hearing. The objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class, and also state with specificity the grounds for the objection, including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of such objection. The Settlement Administrator shall promptly send a copy of each objection it receives to Class Counsel and Defendant's Counsel by email.

(b) A Class Member's objection must include the name and docket number of this

        Action and must also include the following information about the Class Member: (a) name; (b) address; (c) telephone number; (d) email address, if available; and (e) signature.

(c)         All objections must be mailed to the Settlement Administrator and postmarked by no later than one hundred and twenty (120) days after the Notice Date.

(d)         A Class Member may object on his or her own, or through counsel hired at his or her own expense.  Any attorney hired by a Class Member for the purpose of objecting to the proposed Settlement must serve a notice of appearance on Class Counsel and Counsel for Defendant and e-file the notice of appearance using the Court's ECF system.  The notice of appearance must be received by Counsel and filed with the Court no later than thirty (30) days before the Fairness Hearing.

(e)         Any Class Member who does not make an objection in the time and manner provided in the Settlement Agreement and this Order shall be deemed to have waived and forfeited any and all rights they may have to object, and shall be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement unless otherwise allowed by the Court.

(f)         Any Class Member who submits an objection to the proposed Settlement shall be deemed to consent to the exclusive jurisdiction of the Court with respect to such objection and all issues that arise or relate to such objection, including any order issued or findings made by the Court regarding the objection.

9.     **<u>Appearances</u>**.  Class Member attendance at the Final Approval Hearing is not necessary.  However, any Class Member who submits a timely written objection to the

Settlement Administrator in accordance with the requirements set out in this Agreement may appear at the Final Approval Hearing either in person or through personal counsel retained at the Class Member's own expense.

    (a)    Class Members who intend to appear at the Final Approval Hearing on their own behalf must send a letter to the Settlement Administrator notifying the Administrator of their intention to appear at the Final Approval Hearing. Such letter must also include the following information about the Class Member: (a) name; (b) address; (c) telephone number; (d) email address, if available; and (e) signature. This letter must be mailed to the Settlement Administrator and postmarked on or before one hundred and twenty (120) days after the Notice Date. The Settlement Administrator shall promptly send a copy of each letter it receives to Class Counsel and Counsel for Defendant by email.

    (b)    If a Class Member retains personal counsel (at the Class Member's expense) to appear on their behalf at the Final Approval Hearing, such counsel shall serve on Class Counsel and Counsel for Defendant and e-file using the Court's ECF system a notice of intention to appear, which must be received by Counsel and the Court no later than thirty (30) days before the Final Approval Hearing.

    (c)    Any Class Member who does not submit a letter to the Settlement Administrator or whose personal counsel does not file a notice of intention to appear with the Court in the time and manner provided in the Agreement and this Order shall be deemed to have waived and forfeited any and all rights they may have to present argument to the Court at the Final Approval Hearing and shall be foreclosed from doing so unless otherwise allowed by the Court.

10. **Final Approval Hearing**.  A Final Approval Hearing shall be held on **October 29, 2024**, at **1:00 p.m.**, in the United States District Court for the Southern District of New York, Courtroom 15D, 500 Pearl Street, New York, NY 10007.  The hearing will determine, *inter alia*, whether: (1) the Settlement should be approved as fair, reasonable and adequate, and finally approved pursuant to Rule 23(e); (2) an order should be entered dismissing the Action on the merits and with prejudice as to Defendant; and (3) the Court should approve Named Plaintiffs' service award payments and Class Counsel's attorneys' fees and expenses application.

11. Class Counsel shall file Plaintiffs' motion for final approval of the Settlement Agreement by **October 14, 2024**.  At the time Plaintiffs submit their motion, they shall also submit to the Court (1) all of the timely requests for exclusion, objections, and Class Member letters indicating an intention to appear personally at the Final Approval Hearing that have been timely submitted to the Settlement Administrator, and (2) any responses by the Parties to the objections.

12. Class Counsel shall file their motion requesting attorneys' fees and expenses and service awards by **October 14, 2024**.

13. **Continuance of Final Approval Hearing**.  If the Court determines that the Final Approval Hearing should not occur at an in-person hearing but rather through remote means, the Court shall issue a subsequent order.  The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class.  If the Court alters any of those dates or times, the revised dates and times shall be posted on the settlement website maintained by the Settlement Administrator.  The Court may approve the Settlement Agreement, if appropriate, without further notice to the Class Members.

14. **Termination of Settlement**.  This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before the Court entered this Order, if the Settlement is not finally approved by the Court or an appellate court with jurisdiction.  In such event, (i) all provisions of the Settlement Agreement shall become null and void and be of no further force or effect as to Defendant, (ii) neither the Settlement Agreement nor any Court order regarding the Settlement Agreement, including this Order, shall be used or referred to for any purpose whatsoever as to the Defendant except in a proceeding to enforce this provision of this Order as to the Defendant and (iii) none of the Settlement Agreement, this Order, the negotiation of the Settlement Agreement, or the statements or court proceedings relating to the Settlement Agreement shall in any way be construed as, offered as, received as, used as or deemed to be evidence of any kind in this Action or any other action, or any other judicial, administrative, regulatory or other proceeding, as to Defendant except in a proceeding to enforce this provision of this Order.

15. **Necessary Steps**.  The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Agreement.

16. **Schedule and Deadlines**.  With regard to the provisions of the Settlement Agreement requiring the Parties to take certain actions within specified time periods (other than deadlines set forth in this Order), Court approval will not be required for reasonable extensions of deadlines that do not impact any Court-ordered deadlines.

The Clerk of Court is directed to terminate the motion at ECF Nos. 336 and 343, and to strike the order at ECF No. 343.

SO ORDERED.

Dated: April 29, 2024
       New York, New York

_____
ANALISA TORRES
United States District Judge