USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __11/19/2024__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMILLA CLARK and ARWA AZIZ,
on Behalf of Themselves and Others
Similarly Situated,

                                            Plaintiffs,

          -against-

CITY OF NEW YORK,

                                            Defendant.

18 Civ. 2334 (AT)

**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT, APPROVAL OF SERVICE AWARDS, AND APPROVAL OF CLASS COUNSEL'S FEES AND COSTS**

ANALISA TORRES, District Judge:

    WHEREAS Jamilla Clark and Arwa Aziz, themselves and individually and on behalf of the class of individuals they seek to represent (collectively, "Plaintiffs," the "Class," or "Class Members"), and Defendant City of New York ("Defendant" or the "City") (collectively, the "Parties") have entered into a settlement agreement dated April 4, 2024 (the "Settlement" or "Settlement Agreement"), that, if approved by the Court, would resolve Plaintiffs' claims against Defendant in this action (the "Action");

    WHEREAS on March 16, 2018, the Plaintiffs commenced this Action by filing a Complaint, alleging violations of the U.S. Constitution and state law, against Defendant;

    WHEREAS the City denied any and all liability arising out of Plaintiffs' allegations;

    WHEREAS in the Action, the Plaintiffs seek monetary damages against the Defendant for violations of the law;

    WHEREAS if the Settlement is approved by the Court, all claims based on the factual allegations in the Complaint that could have been asserted in this Action would be resolved;

    WHEREAS Plaintiffs applied to the Court pursuant to Fed. R. Civ. P. 23(e) for an Order granting final approval of the Settlement;

WHEREAS on April 29, 2024, the Court entered an Order (the "Preliminary Approval Order") in which the Court, among other things, (i) directed that Notice be provided to Class Members as set out in the Preliminary Approval Order; (ii) preliminarily approved the Settlement; (iii) approved appointment of the Class Administrator; and (iv) scheduled a Fairness Hearing to consider, among other things, whether to finally approve the proposed Settlement, the Plaintiffs' service award payments, and Class Counsel's application for attorneys' fees and costs;

WHEREAS the Fairness Hearing was held on November 18, 2024, to determine, among other things, (i) whether the Court should approve the proposed Settlement as fair, reasonable, and adequate; (ii) whether an order and/or judgment should be entered dismissing the Action on the merits and with prejudice; (iii) whether the Court should approve the Plaintiffs' and deposed Class Members' service award payments; and (iv) whether the Court should approve Class Counsel's attorneys' fees and expenses application;

WHEREAS the Court received submissions from Class Counsel and Defendant's Counsel;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. ***Definitions*** – To the extent not defined in this Order, this Court adopts and incorporates the definitions in the Settlement Agreement for purposes of this Order.

2. ***Appointment of Administrator*** – The Court hereby confirms its appointment of Rust Consulting, Inc., as settlement administrator (the "Administrator").

3. ***Proof of Notice*** – The Parties filed with the Court adequate proof regarding the notice provided to potential Class Members to demonstrate that such notice was materially consistent with the Court's directives in the Preliminary Approval Order.

4. The Court finds that the distribution of the Notices and Claim Forms and the notice methodology implemented by the Parties complied with this Court's Preliminary Approval Order and confirms its prior finding that such notice (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise potential Class Members of the pendency of the Action, the nature and terms of the proposed Settlement, the effect of the Settlement (including the effect of the Release of Claims), Class Members' right to object to the proposed Stipulation of Settlement, the right of Class Members to exclude themselves from the Class, and the right of Class Members who submitted objections to appear at the Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice (including any state and/or federal authorities entitled to receive notice under the Class Action Fairness Act); and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

5. The Court holds that the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this case.

6. *Settlement Approval* – The Court finds that the proposed Settlement resulted from serious, informed, non-collusive negotiations conducted at arm's length by the Parties and their counsel and was entered into in good faith. None of the terms and provisions of the Settlement has material deficiencies or improperly grants preferential treatment to any individual Class Members. Accordingly, the proposed Settlement is hereby fully and finally approved as fair, reasonable, and adequate; consistent and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process

Clause), the Rules of the Court and any other applicable law; and in the best interests of the Parties and the Class Members.

7. In making these findings, the Court considered, among other factors, (i) the nature of the claims asserted by Plaintiffs as to the Defendant and the strength of such claims and the defenses of the Defendant; (ii) the risk, expense, complexity, and likely duration of further litigation and the ability to collect on any judgment obtained; (iii) the amount and kinds of benefits offered in the proposed Settlement; (iv) the allocation of proceeds of the Settlement as set forth in the Settlement among Class Members; (v) the stage of the proceedings at which the proposed Settlement was reached; (vi) the information available to the Parties and the Court; (vii) the experience and views of the Parties' counsel; (viii) the potential Class Members' reactions to the proposed Settlement, including the number of objections filed by Class Members and the number of exclusion requests submitted by Class Members; (ix) the submissions and arguments made throughout these proceedings by the Parties; and (x) the submissions and arguments made in connection with and at the Fairness Hearing.

8. ***Implementation of the Agreement*** – The Parties and their counsel are directed to implement and consummate the Settlement according to its terms and conditions.

9. ***Releases*** – The release of claims as set forth in paragraphs 39 and 120 of the Settlement are expressly incorporated herein in all respects. As of the Effective Date of Payment (as defined in the Settlement), and without limiting or modifying the full language of the release provisions in the Settlement, the release of claims set forth in the Stipulation of Settlement shall be given full force and effect as to all Released Parties.

10. ***Binding Effect*** – The Settlement and this Order shall be forever binding on the Releasing Parties and Released Parties (as those terms are defined in the Stipulation of

Settlement). This Order shall have res judicata and other preclusive effect in all pending and future lawsuits or other proceedings brought by Class Members that are based upon, arise out of, or relate to Released Claims.

11. ***Service Awards to the Named Plaintiffs*** – The Court finds that the requested service award of $35,000 each to the Named Plaintiffs Jamilla Clark and Arwa Aziz is reasonable under the circumstances. This amount shall be paid by the City as part of the Settlement Costs and placed into a designated Escrow Account for payment to the Named Plaintiffs.

12. ***Service Awards to Deposed Class Members*** – The Court finds that the requested service awards between $3,500 and $7,000 to each of the seven Class Members who were deposed as part of absent class discovery are reasonable under the circumstances. The amount shall be paid by the City as part of the Settlement Costs and placed into a designated Escrow Account for payment to the Class Members.

13. ***Attorneys' Fees and Costs Award*** – The Court finds that the requested $4,147,460 for attorneys' fees and costs is fair, reasonable, and appropriate. The amount shall be paid by the City as part of the Settlement Costs and placed into a designated Escrow Account for payment to Class Counsel.

14. ***Modification of Settlement*** – Without further approval from the Court, Parties are hereby authorized to agree to and adopt such amendments, modifications, and expansions of the Settlement and the implementing documents (including all exhibits) that (i) are not materially inconsistent with this Order and the Judgment; and (ii) do not materially limit the rights of the Named Plaintiffs, any other Class Member, the Defendant, Releasing Parties, or Released Parties under the Settlement, and provided, further, that any such amendments, modifications, and/or

expansions of the Settlement must be in writing executed by the Parties to the Settlement.

15. *Retention of Jurisdiction* – The Court has jurisdiction to enter this Order. Without in any way affecting the finality of this Order or the Judgment, the Court expressly retains exclusive and continuing jurisdiction over the Settlement, the Parties to the Settlement, Class Members, and anyone else who appeared before this Court for all matters relating to the Settlement, including the implementation and enforcement of the terms of the Settlement and of this Order and the Judgment, and for any other reasonably necessary purpose.

16. *Dismissal of Action* – The claims asserted in this Action will be dismissed with prejudice as of the Effective Date of Payment, as that term is defined in the Settlement, without fees or costs to any party except as otherwise provided in this Order and in the Settlement.

17. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 349. Any other pending motions are moot. The Clerk of Court is further directed to enter judgment and close the case.

SO ORDERED.

Dated: November 19, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge