```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1/7/2025_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMILLA CLARK and ARWA AZIZ, on Behalf of
Themselves and Others Similarly Situated,

                  Plaintiffs,

-against-

CITY OF NEW YORK,

                  Defendant.

18 Civ. 2334 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    By order dated November 19, 2024, the Court granted final approval of the parties' class action settlement. ECF No. 358. On December 12, 2024, the Court received a call from a woman who explained that her son, Robert Johnson, was incarcerated at New York's Attica Correctional Facility. The woman, Elizabeth David, asserted that her son had hoped to participate in the settlement class but never received a notice of settlement or claim form. When Ms. David and Mr. Johnson later learned about the claims process through other channels, Mr. Johnson attempted to file a claim but was told by Rust Consulting, Inc. (the "Settlement Administrator") that he could not participate because he did not file a timely claim form. By email dated December 17, 2024, the Court reached out to the parties to ask whether they took a position on Mr. Johnson's potential inclusion in the settlement class. Class Counsel responded that they support giving Mr. Johnson the opportunity to make a late claim. The City does not take a position.

    District courts enjoy "broad supervisory powers with respect to the administration and allocation of settlement funds." *In re Holocaust Victim Assets Litig.*, 413 F.3d 183, 185 (2d Cir. 2005). These powers encompass the ability to accept late claims "despite the contrary terms of an agreement among the parties." *In re Oxford Health Plans, Inc.*, 383 F. App'x 43, 45 (2d Cir. 2010) (cleaned up); *see also Jones v. City of New York*, No. 17 Civ. 7577, 2024 WL 4307774, at *4 (S.D.N.Y. Sept. 26, 2024). In determining whether to exercise its authority to accept a late claim, courts consider the factors set forth in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993). These include "the danger of prejudice . . ., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

    Considering these factors, the Court finds that Mr. Johnson is allowed to submit his late claim for processing. Given that he represents only one person among a large settlement class, the prejudice to the City is minor, an inference bolstered by the City's choice not to take a position on his participation. The length of Mr. Johnson's delay—less than one month after the final approval of the settlement—was not excessive, and there is no indication that he filed his claim in bad faith. Finally, the reason for the delay is understandable; mail service in prisons can be unreliable. *Cf. Houston v. Lack*, 487 U.S. 266, 270–71 (1988) (describing pro se prisoners' limited access to the mail system).

Mr. Johnson should not be prevented from participating in the settlement class due to circumstances beyond his control.

Accordingly, the Settlement Administrator is directed to process Mr. Johnson's claim form to determine whether he is entitled to participate in the settlement class. *See generally* ECF No. 350-1. If Mr. Johnson is so entitled, he shall be included in the class.

SO ORDERED.

Dated: January 7, 2025
         New York, New York

_____
ANALISA TORRES
United States District Judge

2